UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LATASHA BANNISTER, *individually and on*
*behalf of all others similarly situated*,

                                           Plaintiff,

                   v.

BERKMAN HENOCH PETERSON PEDDY &
FENCHEL, PC,

                                        Defendant.

**<u>ORDER</u>**
20-CV-1810 (MKB) (AKT)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Latasha Bannister, on behalf of herself and others similarly situated, commenced the above-captioned action against Defendant Berkman Henoch Peterson Peddy & Fenchel, PC, alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*  (Compl., Docket Entry No. 1.)  After reaching a settlement, (Min. Order dated Jan. 29, 2021, Docket Entry No. 22), Plaintiff moved for attorneys' fees in the amount of $12,174.60, and Defendant opposed the motion.[1]  On March 9, 2021, the Court referred Plaintiff's motion to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation.  (Order dated Mar. 9, 2021.)  By report and recommendation dated July 23, 2021, Judge Tomlinson recommended that the Court grant Plaintiff's motion in part and deny it in part (the "R&R").  (R&R, Docket Entry No. 26.)  No party has opposed the R&R.

---

[1] (*See* Pl.'s Mot. for Attorneys' Fees ("Pl.'s Mot."), Docket Entry No. 23; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem."), Docket Entry No. 23-1; Def.'s Mem. in Opp'n to Pl.'s Mot. ("Def.'s Opp'n"), Docket Entry No. 24.)

For the reasons set forth below, the Court adopts the R&R and grants Plaintiff's motion for attorneys' fees in part and denies it in part.

### I.   Background

In the R&R, Judge Tomlinson recommended that the Court award Plaintiff (1) $8,727.80 in attorneys' fees and (2) $475.60 in costs, for a total of $9,203.40.  (R&R 21.)

First, Judge Tomlinson examined the hourly rates of Plaintiff's counsel.  (*Id.* at 12–15.) Judge Tomlinson found that an hourly rate of $370 for Plaintiff's attorneys Craig Sanders and David Barshay was reasonable because courts in this district have previously awarded them the same hourly rate and because they have over twenty years of experience with a focus on consumer protection law.  (*Id.* at 12–13.)  Judge Tomlinson found that the requested hourly rate of $300 for Jonathan Cader, a senior associate who practiced law for more than a decade but "only recently focused his practice on consumer protection claims" was too high and reduced his hourly rate to $250.  (*Id.* at 13–14.)  Judge Tomlinson also reduced the requested hourly rate for Nicole Rallis, a second-year associate, from $200 to $160 because $160 an hour is consistent with her level of experience.  (*Id.* at 14.)  Judge Tomlinson adopted the $90 hourly rate for Angeliza Franco, a paralegal, because Defendant did not object to this rate and because the rate "falls within the range which courts in this [d]istrict have found to be reasonable for paralegals." (*Id.* at 14–15.)

Next, Judge Tomlinson assessed the reasonableness of the 35.8 hours billed by Plaintiffs' counsel.  (*Id.* at 15–21.)  Judge Tomlinson declined to credit Plaintiff's counsel's hours expended in preparing the reply brief for the instant motion because Plaintiff failed to submit contemporaneous billing records to substantiate the 4.6 hours expended on the reply brief.  (*Id.* at 16.)  Judge Tomlinson found that while "this was a simple and straightforward FDCPA case at

the outset, which did not present novel issues or require extensive discovery," the parties complicated the litigation when Defendant served a Rule 68 offer of judgment and Plaintiff responded to outstanding discovery demands instead of "seek[ing] a stay or an extension of time . . . [regarding] discovery in order to explore settlement." (*Id.* at 16–17.) Judge Tomlinson also reviewed the specific time entries in the contemporaneous billing records for the attorneys who worked on the case and found that (1) as to Barshay, although 1.9 hours were billed overall, only 1.3 hours were recommended because some work was duplicative of Cader's work and some entries were vague or unclear; (2) as to Cader, the 3.1 hours billed were reasonable; (3) as to Sanders, an across-the-board reduction was warranted because there were "a number of entries where the task at hand could have . . . been performed by a less experienced attorney or paralegal" that were billed at the partner rate, and the billing of 3.5 hours for a two-page settlement position was excessive; (4) as to Rallis, an across-the-board reduction was warranted because she billed work that should have been done by a paralegal and some of her work was duplicative of Sanders' work — a practice this firm was warned of in previous unrelated cases; and (5) as to the paralegal, the hours billed were generally reasonable although there were two entries that were billed for a total of .6 hours when they would "realistically appear to take about [one tenth of an] hour combined." (*Id.* at 18–19.) In addition to the issues with Rallis' and Sanders' hours, Judge Tomlinson found that a fifteen percent across-the-board reduction in attorneys' fees from $10,268.00 to $8,727.80 was appropriate because the time spent on preparing and responding to certain interrogatories was excessive. (*Id.* at 20–21.)

Finally, Judge Tomlinson recommended that the Court award costs in the requested amount of $475.60 because Plaintiff paid $400 for the filing fee and $75.60 for service of

process.  (*Id.* at 21.)  Accordingly, Judge Tomlinson recommended that the Court award

$8,727.80 in attorneys' fees and $475.60 in costs for a total award of $9,203.40.  (*Id.* at 21.)

No party has objected to the R&R and the time for doing so has passed.

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C).  "Where parties receive clear notice of the consequences, failure to

timely object to a magistrate's report and recommendation operates as a waiver of further

judicial review of the magistrate's decision."  *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir.

2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also*

*Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk*

*County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any

purported error or omission in a magistrate judge's report waives further judicial review of the

point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*,

466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and

recommendation within the prescribed time limit 'may operate as a waiver of any further judicial

review of the decision, as long as the parties receive clear notice of the consequences of their

failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997);

and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson,*

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party

waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if

the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328

F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## III.  Conclusion

Accordingly, the Court adopts the R&R and grants Plaintiff's motion for attorneys' fees in part and denies it in part.  The Court awards $8,727.80 in attorneys' fees and $475.60 in costs for a total award of $9,203.40.  The Clerk of the Court is directed to enter judgment and close the case.

Dated: August 12, 2021
      Brooklyn, New York

SO ORDERED:

_____ s/ MKB _____
MARGO K. BRODIE
United States District Judge